LILLIAN HARBURGER, Respondent, *v.* JOHN J. CAMPBELL, Appellant.

First Department, February 23, 1917.

See head note in *Younger* v. *Campbell* (*ante*, p. 403).

APPEAL by the defendant, John J. Campbell, from an order and determination of the Appellate Term of the Supreme Court affirming a judgment of the Municipal Court in plaintiff's favor.

*Ronald K. Brown,* for the appellant.

*Samuel A. Langfur,* for the respondent.

DOWLING, J.:

The question involved in this appeal is substantially the same as that involved in the case of *Younger* v. *Campbell* (177 App. Div. 403), decided herewith.

The premises involved in this action are No. 358 Bowery. The lease was made April 11, 1911, by Charles Schlang, as owner, for a period of five years from May 1, 1912, at the yearly rental of $1,200 and the action is brought to recover $100 rent for the month of February, 1916. These premises were used by the tenant in conjunction with the two adjoining premises as a lodging house. The fire commissioner issued his orders for the doing of certain work upon the premises on February 24, March 24 and September 7, 1915. Upon the failure of the owner to comply therewith he made his order under sections 775 and 778 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1911, chap. 899, as amd. by Laws of 1914, chap. 459)* requiring him to vacate and cause to be vacated forthwith the said premises, as the result of which they were actually vacated before January 31, 1916, after an order had been obtained from the Supreme Court directing the fire commissioner to vacate the said building and to prevent all persons from occupying same or having access thereto until the orders of the fire commissioner had been complied with. Among these orders were two which clearly involved structural changes — one for the removal of a tank from over a stairway on the fifth story and supporting the same in a different manner as required by section 93 of the Building Code,† and another for providing an inclosure of approved fire-retarding material around a stairway from cellar to roof.

For the reasons assigned in the case of *Younger* v. *Campbell* (*supra*), the determination and judgment appealed from will be reversed, with costs and disbursements in this court and at the

---

* Since amd. by Laws of 1916, chap. 503.— [REP.

† See Cosby's Code Ord. (Anno. 1914) 217, § 93. Now Building Code, § 426. See Cosby's Code Ord. (Anno. 1915) 105, § 426.— [REP.

Appellate Term, and judgment directed in favor of the defendant dismissing the complaint herein, with costs.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Determination and judgment reversed, with costs in this court and at the Appellate Term, and judgment ordered dismissing complaint, with costs.